UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES D. BOYD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:22-cv-01764-JPH-TAB |
| | ) |
| MARK SEVIER, | ) |
| | ) |
| Respondent. | ) |

**Order Dismissing Petition for Writ of Habeas Corpus
and Denying Certificate of Appealability**

The petitioner James D. Boyd filed the instant habeas petition pursuant to 28 U.S.C. § 2254 challenging his state-court conviction for child molesting in case number 90C01-0605-FA-000003. The petition revealed that Mr. Boyd had waited nearly nine years after his conviction was final to file a petition for post-conviction relief in state court, leaving his federal petition barred by the one-year deadline set forth in 28 U.S.C. § 2244(d)(1)(A).[1] The Court gave Mr. Boyd an opportunity to show cause why his petition should not be dismissed as time-barred. Dkt. 4.

**I.      Equitable Tolling**

In response, Mr. Boyd argues that he did not know about the one-year limitation and that his state post-conviction counsel failed to inform him of the time limit. Dkt. 10. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Courts do not apply equitable tolling if the petitioner fails to

---

[1] The Court takes judicial notice of the online dockets in Mr. Boyd's direct appeal and state post-conviction proceedings: *Boyd v. State,* 90A04-1001-CR-00030, and *Boyd v. Wells Cty. Prosecuting Attorney*, 90C01-1907-PC-000003 (both available at mycase.in.gov). These dockets reveal that his petition for transfer to the Indiana Supreme Court on his direct appeal was denied on September 2, 2010, and that he filed his state petition for post-conviction relief on July 11, 2019.

demonstrate either of these elements. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Equitable tolling requires a case-by-case decision guided by precedent. *Holland*, 560 U.S. at 649-50. Equitable tolling is not a chimera, but it is nevertheless an extraordinary remedy that is rarely granted. *Carpenter*, 840 F.3d at 870.

The diligence required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). However, "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry v. Dittman*, 904 F.3d 525, 531 (7th Cir. 2018). A petitioner's lack of action for months on end tends to show that he has not acted with reasonable diligence. *E.g.*, *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). A petitioner may demonstrate reasonable diligence by, for example, writing letters seeking information and direction, repeatedly contacting attorneys or courts, or filing a *pro se* habeas petition shortly after discovering that the limitations period has expired. *Id.* "[I]t is established that prisoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling." *Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir. 2014).

Mr. Boyd waited nine years to initiate his state post-conviction proceedings because his counsel told him "all he had was time." Dkt. 10 at 1. Mr. Boyd did not learn of the one-year time limit to file a federal habeas petition. And when he learned of it in 2022, he thought the clock began when his state court proceedings concluded. *Id*. at 2. Counsel's failure to inform Mr. Boyd of the time limit or properly calculate his deadline for him is a "garden variety" attorney mistake that does not warrant application of equitable tolling. *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2015) (quoting *Holland*, 560 U.S. at 651-52).

The Seventh Circuit has repeatedly held that mere bad advice from an attorney does not meet the demanding threshold of an extraordinary circumstance outside the petitioner's control. *E.g.*, *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (no equitable tolling where counsel told the petitioner that his conviction was final after the direct appeal and that there was nothing else he could file to challenge his conviction); *Lombardo v. United States*, 860 F.3d 547, 552-53 (7th Cir. 2017) ("mistake by Lombardo's counsel in identifying the correct filing deadline," where counsel believed the period of limitations ran from the denial of rehearing rather than the denial of certiorari, "was neither extraordinary nor beyond Lombardo's control"); *cf. Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013) ("Abandonment by counsel can toll the limitations period."). Mr. Boyd was not abandoned by his counsel, and nothing prevented him from discovering the applicable limitation period on his own. For these reasons, Mr. Boyd is not entitled to equitable tolling.

## II.     Actual Innocence

Mr. Boyd also argues that his state post-conviction relief attorney failed to present witness affidavits that would have refuted trial testimony from other witnesses that the bathroom where the alleged molestation took place was spacious. He believes these affidavits would "possibly" establish actual innocence. Dkt. 10 at 2.

Mr. Boyd is correct that "a prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error." *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013) (citing *House v. Bell*, 547 U.S. 518, 537-38 (2006)). However, "tenable actual-innocence gateway pleas are rare." *Id*. at 386. To demonstrate actual innocence, a petitioner must show "'that, in light of the new evidence, no juror, acting reasonably, would have

voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

"'New evidence' in this context does not mean 'newly discovered evidence'; it just means evidence that was not presented at trial. And because an actual-innocence claim 'involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record.'" *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (quoting *House*, 547 U.S. at 538).

Here, a reasonable jury could still have found Mr. Boyd guilty of child molesting even if witnesses testified that the bathroom where the molestation took place was too small for either a child or adult to lie down. *See* dkt. 10-2 at 6-7 (private detective interview notes for three witnesses who would have testified that bathroom was too small for an adult or child to lie down). The Court takes judicial notice of the Indiana Court of Appeals decision affirming the denial of Mr. Boyd's state post-conviction petition. *Boyd v. State*, 2021 WL 5349964 (Ind. Ct. App. Nov. 17, 2021). The appellate court recounted the victim's trial testimony: "Boyd kissed her, got down on his knees, pulled her pants down and performed oral sex on her, and then took S.M. into the bathroom, laid her down and penetrated her vagina with his penis." *Id*. at *4 (citing Trial Transcript 93-94). This testimony supports a conviction for child molestation even if the jury discounted the victim's testimony about what happened after Mr. Boyd took her into the bathroom. Mr. Boyd has failed to show that no reasonable juror would have voted to convict him if testimony about the small size of the bathroom had been presented at trial.

### III.     Ineffective Assistance of Post-Conviction Counsel

Finally, Mr. Boyd's response mentions *Brown v. Brown*, 847 F.3d 502 (7th Cir. 2017), and the "Martinez-Trevino Doctrine." Dkt. 10 at 3; *Martinez v. Ryan*, 566 U.S. 1, 16-17 (2012); *Trevino*

4

*v. Thaler*, 569 U.S. 413, 429 (2013). *Brown*, *Martinez*, and *Trevino* stand for the proposition that a prisoner may present procedurally defaulted claims for ineffective assistance of trial counsel in a federal habeas proceeding if the procedural default was caused by the ineffective assistance of post-conviction counsel, or if the petitioner was denied post-conviction counsel altogether, and the defaulted claims have some merit. The Court interprets Mr. Boyd's references to caselaw to be a claim that his untimeliness should be excused because his post-conviction counsel was ineffective. But the Seventh Circuit has squarely rejected this argument. *Lombardo*, 860 F.3d at 561 ("[W]e decline to recognize Martinez's framework as a means of establishing extraordinary circumstances for the purposes of equitable tolling.").

For these reasons, Mr. Boyd's petition for a writ of habeas corpus is **dismissed** as time-barred. Final judgment consistent with this Order shall now issue.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When, as here, a petitioner's claims are resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claims and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

5

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not dispute that Mr. Boyd's claims are time-barred. The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 1/18/2023

                                    *James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES D. BOYD
970033
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362